Chief Justice Watkins delivered the opinion of the Court. This was an action of replevin, by Nordheimer against Allen, for a slave called Dinah and her infant child, about five months old. The defendant below pleaded property in himself, by way of inducement to a special traverse of property in the plaintiff, as alleged by his declaration. The issue upon this plea, was tried by the court sitting as a jury, and the finding being in favor of the plaintiff, he had judgment accordingly. The defendant moved for a new trial, upon the grounds that the finding of the court was contrary to evidence — that it was contrary to law— and thafthe ends of justice would be promoted by granting a new trial. To the overruling of this motion, the defendant excepted, setting out all the testimony, which is voluminous. The plaintiff read in evidence á copy of the decree of the General Council of the Kings and Warriors of the Creek Nation, held on the 7th of October, 1847, wherein the heirs of Elizabeth Grier-son, deceased, petitioned the counsel for an equitable division of the negroes belonging to the estate, and they having proposed and made a division among themselves, it was sanctioned by the council, and set forth at length, showing a division of a large number of negroes among the brothers and sisters of the deceased, including the slave Dinah, allotted to Sandy Grierson, and the heirs then united in a mortgage of all the negroes, to secure a debt of §1000, due from Elizabeth Grierson to the Creek Nation. The reading of this decree was objected to, but we can only intend the objection to be to its legal sufficiency, because it was read pursuant to a written agreement of counsel, with the admission that the original decree remains of record in the Creek Council, in full force and in no wise reversed or vacated. Also, a bill of sale of Dinah from Robert Grierson to Elizabeth Grier-son, dated 21st September, 1840. Also, a power of attorney from Sandy Grierson to Sir Walter Grierson, dated 4th May, 1840, authorizing him to dispose of Dinah and her child. Also, a bill of sale of Dinah and her child from Wat. Grierson to the plaintiff, dated May 5th, 1848, and proved by McHenry, a Creek, that Elizabeth Grierson was a Creek woman, that Dinah belonged to her: that Elizabeth left the Creek Nation some years ago, and went into the Choctaw Nation, where she resided some time, and then came to Arkansas, and, after a short residence, returned to the Choctaw Nation, and died, leaving no children, but had brothers and sisters, among whom was Sandy Grierson. That the heirs at law of Elizabeth had appeared before the Creek Council, about the time stated in the copy of the proceedings, to have a distribution made of her property, and a decree was made dividing it. That Dick, a black man, who had been set free by Elizabeth, was present at the Council when the decision was made, and set up a claim to some of the property, but failed to establish his claim, and that the General Council of the Creeks is vested with judicial powers, and has jurisdiction of all litigated matters. It was admitted that the defendant obtained possession of the negroes after the making of the decree by the Creek Council. The defendant read in evidence a bill of sale from Dick to him, dated 1st March. 1848, for several negroes, including Dinah, and some horses, and which proceeds as follows: “Together with all deeds, bonds, mortgages, debts and accounts of the estate of Elizabeth Grierson, deceased, the whole of said property being that which was conveyed to me by deed of gift, and by alsolute sale, by the late Elizabeth Grierson, deceased.” No such deed of gift or sale was produced or attempted to be proven. It was admitted that Dick was a free man. The defendant then offered the testimony of Davis, Kinnard, To-math-li-mico, Jim Boy, and several other witnesses, whose testimony, with reference to each, is of a confused and contradictory character. It appears that Dick was originally the slave of Elizabeth Grierson, that she set him free, and they had cohabited together as man and wife for many years. This being prohibited by the law of the Creek Nation, east, they left the Nation, and settled among the whites, in Alabama. After the emigration of the Creeks, they followed the Nation west, but had to leave it for the same cause, and went to live among the Choctaws. The marriage of an Indian and negro not being lawful among the Choctaws, they left that Nation, and settled in the Poteau "Valley, in Arkansas, and were living there in 1840, when the bill of sale from Robert Grierson to Elizabeth was made. They subsequently went among the Chickasaws, where Elizabeth died. Testimony was adduced, which was objected to, by the plaintiff, because contradicting the bill of sale from Robert to Elizabeth, of the declarations of Dick and Elizabeth that Dick had bought Dinah with his own money, and that she belonged to him, but he had the title made to Elizabeth to keep one Hull, his guardian, from taking the advantage of him. Some of the witnesses stated that Dick was present at the Council which decreed the division of the negroes, but left before it was made, because the heirs threatened him and scared him off, so that he did not present his claim. Others stated that Dick only claimed a portion of the property, but what portion does not appear; and that the council divided only part of the property, because of the claim of Dick, and his not being there to assert it. At the time of the division, some of the property was in the Creek Nation, and some in the Chickasaw Nation. All the witnesses, who testify as to the law of the Creeks, concur as to the jurisdiction of the council to make or sanstion the division, where there is no will; but, according to some, the decree is final, others say it may be set aside by a subsequent council. By the law of the Creeks, as proven, the husband does not inherit the wife’s property, but it goes to her relations, the Griersons being her nearest of kin. Jim Boy testifies that, by the law of the Creek Nation, the council has no right to divide the property of a deceased person who has left the Nation, and settled among another tribe of Indians, or among the whites. Nevertheless, he says the council did act in this case, because called upon by the Griersons to sanction the division” He states that after the division, the Gri-ersons kept possession of the negroes. The Griersons were Creeks. Such is an imperfect summary of the testimony before the court sitting as a jury, and we have so stated it as a justification of our conclusion to affirm the judgment. The plaintiff in error made but one objection to the admission of evidence, and that was properly overruled. The opinion of the court was not asked or given, as to any principle of law applying to the facts claimed by either party, to have been proven. We cannot know what view the court, in its province as a jury, to try the issue of fact, had of the law; nor can the appellate court judge of the weight of testimony. Upon a motion for new trial, not raising any question of law, as to any ruling or decision of the court below, this court has repeatediy decided that, the verdict of the jury, or the finding of the court as to fact, will not be disturbed, unless unsupported by evidence, though it is against what appears to be the weight of testimony, which we cannot say is the case here. The only questions of law made by the plaintiff in error, are, first: That Dinah being purchased while Elizabeth and Dick lived in Arkansas, the slave under the law of this State, though conveyed to the wife, vested in the husband; and, second: That as Elizabeth died in the Chickasaw Nation, the law of the domi-cel, governs as to the distribution of personal property, and unless the foreign law is proven, we must presume it to be the same as ours. To the first, we answer that it no where appears that Elizabeth and Dick acquired citizenship, while they resided in Arkansas, or lost their nationality as Indians, but rather that it was resumed on their return to the Nation. To the second, supposing the law of the domicil prevailed by comity among half-civilized tribes of Indians, it devolved on the plaintiff in error, upon the case made in evidence, to prove what the law of the Chickasaw Nation was, if differing from that of the Creeks. The plaintiff below had made out a prima facie title to the slaves, under the decree of the Creek Nation. Independent of the presumption to be indulged in favor of their jurisdiction, to distribute property situate in their own territory and among people of their own tribe, from the fact that they exercised it, the parol evidence goes to sustain the jurisdiction, and the defendant below failed to impeach it. We cannot say where the l’eal truth and justice of the case may be, as between these parties, but only this, that the record presents no question as to any alleged error of law which occur-redjin the trial below, and we see no cause to disturb the verdict upon the facts. The judgment is affirmed.